**Honorable James L. Robart**

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GAEA SINGER, | ) |
| | ) No. 09-CV-1334 JLR |
| Plaintiff, | ) |
| | ) DEFENDANT'S MOTION TO |
| v. | ) DISMISS PURSUANT TO |
| | ) 12(b)(3) |
| PLOVIE LAW FIRM, P.S., | ) |
| | ) (Noted on Motion Calendar |
| Defendant. | ) Friday, December 11, 2009) |
| | ) |

## I.
## RELIEF REQUESTED

Defendant requests dismissal pursuant to Fed. R. Civ. Pro. 12(b)(3), improper venue, as Plaintiff specifically contracted to have any disputes heard in Snohomish County District Court.

DEFENDANT'S MOTION TO DISMISS - 1
(CASE NO. 09-CV-1334 JLR)

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

## II.
## UNDISPUTED FACTS

U.S. Bank N.A. ("Bank") sued Ms. Singer in Snohomish County District Court, Everett Division, regarding a credit card obligation. Decl. of Counsel, Ex. 1. Defendant law firm represented the Bank. Ms. Singer disputed the claim and filed counterclaims as well. *Id*. The parties subsequently entered into a settlement agreement (Agreement) which resolved all claims and counterclaims. Plaintiff references this Agreement in her Complaint and relies on it for her claims against Defendant. Dkt. No. 1, pg. 3.

The Agreement provides, in pertinent part:

> "The Everett Division of Snohomish District Court for Snohomish County, State of Washington, shall have jurisdiction to enforce this agreement should either party default in the execution of the duties and obligations set forth in this agreement."

Decl. of Counsel, Ex. 2.

## III.
## ARGUMENT AND AUTHORITY

DEFENDANT'S MOTION TO DISMISS - 2
(CASE NO. 09-CV-1334 JLR)

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

## MS. SINGER IS CONTRACTUALLY BOUND TO BRING HER CLAIMS IN SNOHOMISH COUNTY DISTRICT COURT

The forum selection clause in the Agreement requires that this action be dismissed and Ms. Singer bring her dispute over the alleged breach of the Agreement in the selected forum.

A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3); pleadings need not be accepted as true, and facts outside the pleadings may be considered. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

Federal law is applied to determine the enforceability of a forum selection clause. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a "heavy burden" to establish a ground upon which the court will conclude the clause is unenforceable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972). *See Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 868 (9th Cir. 1991) (holding that the *Bremen* framework applies to employment contracts even when the controlling contract is not a complex commercial contract like the one in

DEFENDANT'S MOTION TO DISMISS - 3
(CASE NO. 09-CV-1334 JLR)

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

*Bremen*).

Because forum selection clauses are presumptively valid, they should be honored "absent some compelling and countervailing reason." *Bremen*, 407 U.S. at 12, 92 S.Ct. 1907. The party challenging the clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." *Id*. at 15, 92 S.Ct. 1907.

Here, the Agreement clearly provides that if any default occurs in the execution of duties and obligations, the Everett Division of Snohomish County District Court "shall have jurisdiction." Decl. of Counsel, Ex. 2.

Ms. Singer settled the underlying collection case knowing, and agreeing, that any dispute as to breach of the Agreement would be heard by Snohomish County. Her federal case should be dismissed.

DATED this 19th day of November, 2009.

LUKE, CASTEEL & OLSEN, PSC

/s/  Kimberlee Walker Olsen
Kimberlee Walker Olsen, WSBA #28773
Attorney for Defendant
**kolsen@lukecasteel.com**

DEFENDANT'S MOTION TO DISMISS - 4
(CASE NO. 09-CV-1334 JLR)

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2009, I electronically filed the foregoing motion as well as the Declaration in Support thereof and attached Proposed Order with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Jon N. Robbins at jrobbins@attorneysforconsumers.com.

/s/ Kimberlee Walker Olsen
Kimberlee Walker Olsen, WSBA #28773
Attorney for Defendant
LUKE, CASTEEL & OLSEN, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
Ph: 425-744-0411
Fax: 425-771-3490
Email: kolsen@lukecasteel.com

C:\Wordperfect\Client Files\KWO\P\plovie law def motion to dismiss.wpd

DEFENDANT'S MOTION TO DISMISS - 5
(CASE NO. 09-CV-1334 JLR)

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)