**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **GAEA SINGER**, | ) Case No. 09-CV-1334 JLR |
| | ) |
| Plaintiff, | ) Honorable James L. Robart |
| | ) |
| vs. | ) **PLAINTIFF'S RESPONSE TO** |
| | ) **DEFENDANT'S MOTION TO DISMISS** |
| **PLOVIE LAW FIRM, P.S.**, | ) **PURSUANT TO FRCP 12(b)(3)** |
| | ) |
| Defendant. | ) (Noted on Motion Calendar Friday, December |
| | ) 11, 2009) |
| | ) |

NOW COMES Plaintiff, GAEA SINGER, by and through her attorneys, WEISBERG & MEYERS, LLC, and hereby submits her Response to the Motion to Dismiss filed by Defendant, PLOVIE LAW FIRM, P.S. In support thereof, Plaintiff states as follows:

**I.   INTRODUCTION.**

Defendant, through its motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(3), alleges that this court is not the proper venue for Plaintiff's action. Specifically, Defendant suggests that Plaintiff contracted to have "any disputes heard in Snohomish County District Court." (See Dkt. No. 4, pg. 1). Defendant urges this Court to impose upon Plaintiff's action under the federal Fair Debt Collection Practices Act a settlement agreement pertaining solely to a previous, separate, and distinct collection matter. The instant matter is not an action to enforce a settlement agreement in a prior collection matter; rather, Plaintiff brings her action pursuant to affirmative requirements and prohibitions included in the federal Fair Debt Collection Practices Act.

1

## II.  STATEMENT OF RELEVANT FACTS.

Prior to the instant matter, U.S. Bank, N.A. filed a lawsuit against Plaintiff in Snohomish County District Court in effort to collect an alleged debt regarding a consumer credit card debt. Plaintiff disputed the alleged debt, and filed counterclaims against Defendant. The parties entered into a settlement agreement, resolving all claims and counterclaims. The settlement agreement entered into provided that the Snohomish Court "shall have jurisdiction **to enforce this [settlement] agreement**…" (See Dkt. No. 4, pg. 2) (emphasis added).

On September 21, 2009, Plaintiff filed her complaint against Defendant alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*( "FDCPA"), and the Revised Code of Washington, Chapter 19.16, both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. (See Dkt. No. 1). Plaintiff's allegations against Defendant include, but are not limited to:

> a) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff. Defendant made an agreement with Plaintiff to update Plaintiff's credit report pursuant to a settlement agreement and Plaintiff's credit report was not updated consistent with the agreement. (§ 1692e(10));
>
> b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff. Defendant represented that Plaintiff's credit report had been updated properly pursuant to the settlement agreement referred to in the previous paragraph. In fact, the agreement called for Plaintiff's report to be updated as "current, never late" but her credit report does not reflect this status. (§ 1692e(10)).

(See Dkt. No. 1, pg. 3).

Defendant thereafter filed a motion to dismiss for improper venue, alleging that a choice of forum clause in a settlement agreement specific to a prior matter also controls. (See Dkt. No. 4, pg. 2).

## II. STANDARD FOR REVIEWING A RULE 12(B)(3) MOTION.

In resolving a motion under Rule 12(b)(3) based on a forum selection clause, all reasonable inferences must be drawn in favor of the non-moving party and all factual conflicts must also be resolved in favor of the non-moving party. *Murphy v. Schneider National, Inc.*, 362 F. 3d 1133, 1138 (9th Cir. 2004); *see also* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (Supp. 2003) (stating that on a 12(b)(3) motion based upon a forum selection clause, "[t]he court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff."); *New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F. 3d 24 (2d Cir. 1997) (the effect of enforcing a forum selection clause is similar to that of granting a Fed. R. Civ. P. 12(b)(1) (subject-matter jurisdiction) or Fed. R. Civ. P. 12(b)(2) (personal jurisdiction) motion: It "foreclose[s] suit in the jurisdiction of plaintiff's choice," and such a dramatic effect on the plaintiff's forum choice justifies that a party "is entitled to have the facts viewed in the light most favorable to it, and no disputed fact should be resolved against that party until it has had an opportunity to be heard.").

## III. AN ACTION TO ENFORCE A PROVISION OF THE FDCPA IS APPROPRIATE IN ANY UNITED STATES DISTRICT COURT.

A claim for violation of the FDCPA lies properly in any federal court under 15 U.S.C. § 1692k(d), which provides:

> **An action to enforce any liability created by this subchapter** may be brought in **any appropriate United States district court** without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d) (emphasis added).

**IV.   PLAINTIFF'S ACTION IS PROPER IN THE WESTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. § 1391(B).**

Venue is proper under 28 U.S.C. 1391(b) in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Both Plaintiff and Defendant are located within the jurisdiction of this court, and the events and communications that gave rise to Plaintiff's claim under the FDCPA occurred in this district.

**V.   A MOTION TO DISMISS PURSUANT TO RULE 12(b)(3) IS INAPPROPRIATE AND UNSUSTAINABLE WHEN BASED UPON A FORUM SELECTION CLAUSE.**

"Private parties cannot defeat the subject matter jurisdiction of the federal courts by means of a forum-selection clause any more than they could, by the same means, *confer* such jurisdiction on this court in a case in which diversity or a federal question were lacking." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982). "The jurisdiction of the federal courts-their power to adjudicate-is a grant of authority to them by Congress and thus beyond the scope of litigants to confer." *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 167 (1939).

Forum-selection clauses relate to venue, in the most general sense of the word, because they concern the place in which suit can be brought. Rule 12(b)(3) provides for a motion to dismiss for improper venue. "Venue," in turn, is defined by statute at 28 U.S.C. § 1391, which sets forth where venue may properly be laid. The determination of the appropriate venue under 28 U.S.C. § 1391 revolves around various factors listed in such statute, which do not include

forum-selection clauses. The fact that the parties contractually agreed to litigate disputes in another forum is not a question of venue, but one of contract.

By act of Congress "[a]n action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). If a case is brought where "the events ... giving rise to the claim occurred," it cannot be said that venue has been laid in the "wrong" district within the meaning of the statutes, simply because the parties agreed that it should be brought elsewhere. Simply stated, it is not so clear as Defendant suggests the parties have the power to do *so much* as to render venue improper in a location in which Congress has authorized suit.[1]

### VI. NOTWITHSTANDING, THE FORUM SELECTION CLAUSE REFERENCED BY DEFENDANT THROUGH ITS MOTION TO DISMISS IS INAPPLICABLE TO THE MATTER AT HAND.

Plaintiff did not file her action to enforce a settlement agreement. Plaintiff did not file her action to challenge any matter regarding a previous state court lawsuit in connection with collection of a debt. Plaintiff did not file her action to undo an agreement previously entered into with Defendant. Plaintiff did not file her action to re-litigate matters previously subject to prior court proceedings.

---

[1] Federal district courts throughout the Ninth Circuit have held forum selection clauses relating to underlying debts not controlling. *See Maloon v. Schwartz, Zweban & Slingbaum, L.L.P.*, 399 F. Supp. 2d 1108, 1113 (D. Hawai'i 2005) ("[A]lthough the underlying agreement to which Defendant seeks to collect the debt contained a Florida forum selection provision, that agreement does not govern Plaintiff's entirely separate cause of action under the FDCPA."); *Vandyke v. Northern Leasing System, Inc.*, 2009 WL 3320464 (E.D. Cal. 2009) (denying a motion to dismiss as to a federal Fair Credit Reporting Act ("FCRA") claim based in part upon improper venue, and holding FCRA allegations did not relate to the prior contract between the parties and that a forum selection clause in prior contract was irrelevant to the FCRA claim).

Rather, Plaintiff filed her action to remedy legal injury caused by Defendant. Plaintiff filed her action for the purpose of holding a debt collector responsible for the use of prohibited collection practices under the FDCPA. Plaintiff filed her action as a result of Defendant's use of prohibited false representations and deceptive practices.

Plaintiff's action, filed to enforce the FDCPA, does not invoke a settlement agreement entered into with regard to a separate and distinct matter.

**A.    The Instant Matter Arises Out A Different Set Of Operative Facts Than Defendant's Previous Lawsuit In Connection With The Collection of a Debt.**

Plaintiff's action pursuant to the FDCPA does not arise out of the same aggregate set of operative facts as Defendant's action to collect an alleged previous debt. Plaintiff's action under the FDCPA is based on the commission of prohibited debt collection practices, and Defendant's action to collect a debt was based on Plaintiff's alleged failure to pay for consumer goods sold on credit. Though Plaintiff's claim for violation of the FDCPA and Defendant's action to collect an underlying debt unavoidably touch upon one another, the two claims bear no logical relation to one another. Mere overlap of issues raised in both cases does not denote that Defendant's action to collect a debt arises from the same transaction or occurrence as does Plaintiff's action to enforce policy regulating the practices for the collection of debts.

Simply, Plaintiff's claims invoke a statutory penalty designed to enforce federal policy implemented to protect consumers from unscrupulous collectors by prohibiting unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. Defendant's action in debt collection involves only a private loan contract governed in part by state law. In short, Plaintiff's action involves not the loan itself, but the use of unfair methods

6

to collect it. The connection between Plaintiff's action and Defendant's action is merely that of the initial execution of the loan document.[2]

### B. Plaintiff's Action Under the FDCPA and Defendant's Previous Lawsuit To Collect a Debt Do Not Involve Infringement of the Same Right.

The FDCPA is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors

---

[2] Such a connection has been deemed so insignificant that compulsory adjudication of actions identical to that brought by Plaintiff and Defendant is not required. *See Peterson v. United Accounts, Inc.,* 638 F.2d 1134 (8th Cir. 1981) (holding that an action under the federal Fair Debt Collection Practices Act is not a compulsory counterclaim to an action to collect the debt); *Egge v. Healthspan Servs. Co.,* 115 F. Supp. 2d 1126 (D. Minn.2000) (recognizing that "[m]any courts note that no court has found that an FDCPA suit was a compulsory counterclaim to a debt collection action"); *Maddox v. Ky. Fin. Co.,* 736 F. 2d 380 (6th Cir.1984) (holding that a claim for an underlying debt is not a compulsory counterclaim to an action under the federal Truth in Lending Act); *Whigum v. Heilig-Meyers Furniture, Inc.,* 682 So. 2d 643 (Fla. 1st DCA 1996) (holding that an action to collect debt for the purchase of consumer goods is not a compulsory counterclaim to an action under the FCCPA);

7

who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F. 2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

Plaintiff's current action and Defendant's previous lawsuit raise different legal and factual issues governed by different bodies of law. The rights and obligations of Plaintiff and Defendant with respect to their respective actions hinge on different facts and different legal principles. Plaintiff's action and Defendant's previous action do not involve infringement of the same right.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3).

Respectfully submitted this 30th day of November, 2009.

s/Jon N. Robbins
Jon N. Robbins, WSB#28991
WEISBERG & MEYERS, LLC

Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following: Kimberly Walker Olsen, at kolsen@lukecasteel.com.

/s/ Jon N. Robbins
Jon N. Robbins, WSB# 28991
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com