**Honorable James L. Robart**

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GAEA SINGER, ) | |
| ) | No. 09-CV-1334 JLR |
| Plaintiff, ) | |
| ) | *REPLY* TO PLAINTIFF'S |
| v. ) | RESPONSE TO DEFENDANT'S |
| ) | MOTION TO DISMISS |
| PLOVIE LAW FIRM, P.S., ) | |
| ) | |
| Defendant. ) | [NOTED: DECEMBER 11, 2009] |

## I.
## BRIEF REPLY

Plaintiff's response argues that the settlement agreement "pertain[ed] solely to a previous, separate and distinct collection matter." Dkt. No. 7, at 1.

Such response contradicts the claims in Plaintiff's Complaint (Dkt. No. 1.) and

DEFENDANT'S REPLY - 1
(CASE NO. 09-CV-1334 JLR)

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

such response wholly without merit.

## II.
## ARGUMENT

A.  PLAINTIFF CONCEDES THAT HER CLAIMS
    ARISE OUT OF THE AGREEMENT.

Plaintiff's response restates the two main allegations in the complaint, in which she claims violations for the following acts:

> a)   . . . Defendant made an agreement with Plaintiff to update Plaintiff's credit report pursuant to a <u>settlement agreement</u> and Plaintiff's credit report was not updated consistent with the agreement . . .
>
> b)   . . . Defendant represented that Plaintiff's credit report had been updated properly <u>pursuant to the settlement agreement</u> referred to in the previous paragraph. In fact, <u>the agreement called for Plaintiff's report to be updated as "current", never late</u>" but her credit report does not reflect this status.

Dkt. No. 7, at 2 (*emphasis added*).

A review of the settlement agreement containing the forum selection clause (Dkt. No. 5, Ex. 2) reveals the precise language quoted above; language upon which Plaintiff relies in order to claim an FDCPA violations. Essentially, Plaintiff is asking

DEFENDANT'S REPLY - 2
(CASE NO. 09-CV-1334 JLR)

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

the Court for relief based on a breach of a settlement agreement, but also wants the Court to ignore the fact that a key term of that settlement agreement was that Snohomish County District Court, Everett Division would be the court to hear any disputes regarding breach of duties and obligations contained in the Agreement.

B. STATE COURTS CAN HEAR FDCPA CLAIMS

Parts III and IV of Plaintiff's Response seem to argue that her claims for breach of the settlement agreement, giving rise to FDCPA claims, can only be heard in federal court. Dkt. No. 7, at 3-4. While FDCPA cases are typically filed in federal court, the statute also provides that such action can be brought in "any other court of competent jurisdiction". 15 U.S.C. §1692K(d)

Moreover, the forum selection clause - which Plaintiff consented to as part of the settlement - did not merely set forth a court of Defendant's choice, it specified the same court in which the case had been filed, and in which motion practice had taken place, thereby preserving the continuity of the issues and rulings. Dkt. No. 5, Ex. 1 and 2.

Having Ms. Singer's claims heard in Snohomish County District Court ensures

DEFENDANT'S REPLY - 3
(CASE NO. 09-CV-1334 JLR)

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

judicial economy and preserves the parties' intent at the time of the execution of the settlement agreement.

### C. THE FORUM SELECTION CLAUSE WAS NOT A PART OF THE CONTRACT GIVING RISE TO THE UNDERLYING DEBT.

Plaintiff next argues that federal district courts in the Ninth Circuit have not always followed forum selection clauses in the parties underlying contracts. Dkt. No. 7, pg 5, FN. 1. Those cited cases differ significantly from the facts at bar, as they all relate to contracts which gave rise to the debt, as opposed to settlement agreements entered into after litigation was commenced on the debt.

In contrast, the Ninth Circuit cases cited in Defendant's brief detail the ability of the federal courts to dismiss cases under 12(b)(3) as well as the "heavy burden" placed on the party trying to avoid its contractual obligation to litigate in the agreed forum. Dkt. No. 4 at 3-4. Plaintiff has made no showing to meet that burden.

Dismissal is especially warranted under these facts, where each party obtained benefits and incurred obligations through the settling of the case. The most appropriate court to hear arguments relating to breach or violations is the court that originally heard the case.

DEFENDANT'S REPLY - 4
(CASE NO. 09-CV-1334 JLR)

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

### D. PLAINTIFF'S FDCPA ALLEGATIONS ARE ACTUALLY CLAIMS FOR BREACH OF THE SETTLEMENT AGREEMENT IN DISGUISE

Part VI of Plaintiff's Response asserts in its opening paragraph: "Plaintiff did not file her action to enforce a settlement agreement." Dkt. No. 7 at 5. While Ms. Singer may have chosen different words in her Complaint, she cannot deny that her claims arise solely out of the terms and obligations of the settlement agreement.

Plainly, allegations that a "credit report was not updated consistent with the agreement" and "the agreement called for Plaintiff's report to be updated as 'current, never late' but her credit report does not reflect this status" are not typical FDCPA violations because they bear no relation to the type of collection conduct Congress intended to prohibit. Rather, they pertain exclusively to obligations assumed as part of a settlement. Describing Plaintiff's breach of contract claims as FDCPA violations is a misnomer. These claims would not exist but for the settlement agreement.

Moreover, arguing that the underlying suit and this action involve two different bodies of law is inapposite. No one is arguing about the underlying loan. The issue is one of the obligations undertaken as part of a settlement agreement entered into after Ms. Singer filed counterclaims in the underlying action.

DEFENDANT'S REPLY - 5
(CASE NO. 09-CV-1334 JLR)

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

Thus, the portions of Plaintiff's Response devoted to the history of the FDCPA and abuses it was meant to prevent, are simply a red herring.

### III.
### CONCLUSION

Plaintiff has not met her burden of showing that enforcement of the forum selection clause would be unreasonable or unjust.

The Court should dismiss this case and leave the parties to the remedies contemplated in their settlement agreement.

DATED this 11th day of December, 2009.

LUKE, CASTEEL & OLSEN, PSC

 /s/  Kimberlee Walker Olsen
Kimberlee Walker Olsen, WSBA #28773
Attorney for Defendant
**kolsen@lukecasteel.com**

DEFENDANT'S REPLY - 6
(CASE NO. 09-CV-1334 JLR)

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2009, I electronically filed the foregoing Reply Brief with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Jon N. Robbins at jrobbins@attorneysforconsumers.com.

        /s/  Kimberlee Walker Olsen
Kimberlee Walker Olsen, WSBA #28773
Attorney for Defendant
LUKE, CASTEEL & OLSEN, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
Ph: 425-744-0411
Fax: 425-771-3490
Email: kolsen@lukecasteel.com

Z:\Client Files\KWO\P\plovie reply brief.wpd

DEFENDANT'S REPLY - 7
(CASE NO. 09-CV-1334 JLR)

Luke, Casteel & Olsen, PSC
3400 188th Street SW, Suite 484
Lynnwood, WA 98037
425-744-0411
425-771-3490 (Facsimile)