UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GAEA SINGER,<br><br>            Plaintiff,<br><br>     v.<br><br>PLOVIE LAW FIRM, P.S.,<br><br>            Defendant. | CASE NO. C09-1334JLR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the court on Defendant Plovie Law Firm, P.S.'s ("Plovie") motion to dismiss pursuant to Rule 12(b)(3) (Dkt. # 4). The parties have not requested oral argument. Having considered the submissions of the parties, and for the reasons set forth below, the court DENIES Plovie's motion (Dkt. # 4).

## I. BACKGROUND

In February 2008, U.S. Bank, NA ("U.S. Bank") sued Plaintiff Gaea Singer in Snohomish County, Washington, District Court to collect an outstanding credit card debt. (Declaration of Kimberlee Walker Olsen ("Olsen Decl.") (Dkt. # 5), Ex. 1; Resp. (Dkt. #

ORDER- 1

7) at 2.) Ms. Singer filed a counterclaim against U.S. Bank. (Olsen Decl., Ex. 1.) Plovie represented U.S. Bank in this lawsuit. (*Id.*)

To resolve the case, U.S. Bank and Ms. Singer entered into a settlement agreement. (Olsen Decl., Ex. 2.) Ms. Singer agreed that she would deliver payments to Plovie on the 10th day of each month. (*Id.* ¶ 5.) In return, U.S. Bank agreed that after Ms. Singer made two timely payments it would contact the credit reporting agencies and request that they update her account to show that it was current and never late. (*Id.* ¶ 6.) The parties further agreed that:

> The Everett Division of Snohomish District Court for Snohomish County, State of Washington, shall have jurisdiction to enforce this agreement should either party default in the execution of the duties and obligations set forth in this agreement.

(*Id.* ¶ 7.) The settlement agreement was signed by Ms. Singer and by a U.S. Bank Recovery Manager. (*Id.* at 4.) Shortly thereafter, U.S. Bank and Ms. Singer stipulated to dismissal of the case. (Olsen Decl., Ex. 1.)

On September 21, 2009, Ms. Singer filed her complaint in the instant lawsuit. (Compl. (Dkt. # 1).) She alleges that Plovie violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Washington Collection Agency Act, chapter 19.16 RCW, by engaging in unfair practices in collecting the debt that she owed under the settlement agreement. (Compl. ¶¶ 1-11.) U.S. Bank is not a party to this lawsuit.

## II. ANALYSIS

A motion to dismiss based on a forum selection clause is analyzed as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). *Argueta v.*

ORDER- 2

*Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). In considering a motion to dismiss under Rule 12(b)(3), the pleadings need not be accepted as true and the district court may consider facts outside of the pleadings. *Id.*

Plovie contends that the forum selection clause in the settlement agreement bars Ms. Singer from bringing the instant lawsuit in federal court. (Mot. at 3-4.) Plovie was not, however, a party to the settlement agreement; only U.S. Bank and Ms. Singer were parties. (Olsen Decl., Ex. 2 at 1, 4.) Thus, although Ms. Singer may have agreed to bring any claims against *U.S. Bank* that might arise from the settlement agreement in Snohomish County District Court, she made no such promise regarding any claims that might arise against *Plovie*. (*Id.* ¶ 7 (agreeing to jurisdiction in Snohomish County District Court "should *either party* default" in its obligations under the agreement.) Plovie does not explain how a settlement agreement to which it was not a party can be enforced on its behalf. The court therefore denies Plovie's motion to dismiss for improper venue.

### III.    CONCLUSION

For the foregoing reasons, the court DENIES Plovie's motion to dismiss pursuant to Rule 12(b)(3) (Dkt. # 4).

Dated this 15th day of December, 2009.

_____
JAMES L. ROBART
United States District Judge

ORDER- 3